# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| STINGRAY IP SOLUTIONS LLC,<br>　　Plaintiff,<br>v.<br><br>VIVINT, INC.,<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:23-cv-00503-JRG-RSP<br>JURY TRIAL DEMANDED<br>(Lead Case) |
| STINGRAY IP SOLUTIONS LLC<br>　　Plaintiff,<br>v.<br><br>LEEDARSON IOT TECHNOLOGY INC., and LEEDARSON LIGHTING CO. LTD.,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:23-cv-00499-JRG-RSP<br>JURY TRIAL DEMANDED<br>(Member Case) |

## EXHIBIT A

## PLAINTIFF'S CLAIM CONSTRUCTION CHART

1

## U.S. Patent No. 7,224,678

| Claim Term | Plaintiff's Construction | Plaintiff's Supporting Evidence | Defendants' Construction |
|---|---|---|---|
| Claim 51: Preamble: "An intrusion detection method for a wireless local or metropolitan area network comprising a plurality of stations, the method comprising" | Preamble is not limiting; no construction necessary. | '678 patent at Abstract; 1:8-10, 14-17, 47-57; 2:35-4:8; 5:52-6:7; 6:8-22, 32-44, 45-60; 7:17-20, 34-35, 53-55; 8:1-4, 12-16, 26-28, 43-53, 62-67; 9:9-12, 32-34, 41-44, 56-60; 10:10-12, 19-22, 29-33, 45-49, 54-67; 16:49-62 (claim 51); Figs. 11-21. Any additional evidence relied on by Defendants. | The preamble is limiting. |
| Claim 51: "generating an intrusion alert" | Plain and ordinary meaning. Alternatively, the term "intrusion alert" should be construed to mean "a notification indicating detection of an anomaly or abnormal event" | '678 patent at Abstract; 2:35-4:8; 6:8-22, 32-44, 45-60; 7:17-20, 34-35, 53-55; 8:1-4, 12-16, 26-28, 43-53, 62-67; 9:9-12, 32-34, 41-44, 56-60; 10:10-12, 19-22, 29-33, 45-49; 16:49-62 (claim 51); Figs. 11-21. US Patent No. 7,082,117 at Abstract; 2:29-3:60; 5:65-6:9, 19-47; 7:3-5; 7:6-33; 7:41-33; 7:62-64; 8:5-9, 18-20, 34-44, 52-55; 8:65-9:1; 9:21-23, 30-33, 45-48, 57-59; 10:9-12, 19-22, 37-45. Any additional evidence relied on by Defendants. | Generating a notification sent by the policing node(s) upon detecting an attempted intrusion |

1

## U.S. Patent No. 7,440,572

| Claim Term | Plaintiff's Construction | Plaintiff's Supporting Evidence | Defendants' Construction |
|---|---|---|---|
| Claim 1: Preamble: "A secure wireless local area network (LAN) device comprising" | Preamble is not limiting; no construction necessary. | '572 patent at Abstract; 1:6-2:55; Figs. 1-13.<br><br>'126 patent at Abstract; 1:7-2:3; 2:7-3:2; Figs. 1-13.<br><br>Any additional evidence relied on by Defendants. | The preamble is limiting. |
| Claim 1: "cryptography circuit carried by said housing and connected to said MAC and said wireless transceiver for encrypting both address and data information for transmission by at least adding a plurality of encrypting bits to both the address and the data information, and for decrypting both the address and the data information upon reception." | Plain and ordinary meaning. | '572 patent at Abstract; 2:1-19; 2:27-39; 2:52-56; 3:37-57; 4:14-31; 5:20-6:55; 6:65-7:35; 7:1-49; 7:50-64 (claim 1); Figs. 1-13.<br><br>'126 patent at Abstract; 2:11-3:2; 3:51-63; 4:28-55; 6:52-67; 7:9-44; Figs. 1-13.<br><br>Expert declaration of Mr. Patrick Kinney (providing testimony regarding the definite meaning to a person of ordinary skill in the art of "cryptography circuit…upon reception" and responding to Defendants' indefiniteness position).<br><br>Any additional evidence relied on by Defendants. | Governed by Pre-AIA 35 U.S.C. 112 Paragraph 6<br><br>**Function**: encrypting both address and data information for transmission by at least adding a plurality of encrypting bits to both the address and the data information, and for decrypting both the address and the data information upon reception<br><br>**Structure**: Indefinite for lack of corresponding structure. |
| Claim 1: "cryptography circuit" | Plain and ordinary meaning. | '572 patent at Abstract; 2:1-19, 2:27-39, 2:52-56; 3:37-57; 4:14-31; | In the alternative, if the Court does not |

| | | | |
|---|---|---|---|
| | Alternatively, "cryptography circuit" should be construed to mean "a circuit capable of performing cryptography." | 5:20-25; 5:42-6:55; 6:65-7:35; 7:1-49; 7:50-64 (claim 1); Figs. 1-13.<br><br>'126 patent at Abstract; 2:11-3:2; 3:51-63; 4:12-55; 5:32-6:67; 7:9-44; Figs. 1-13.<br><br>Any additional evidence relied on by Defendants. | find the above governed by Pre-AIA 35 U.S.C. 112 Paragraph 6:<br><br>"Hardware employing an algorithm and a cryptographic key and capable of encrypting and decrypting both address and data information for transmission" |
| Claim 1: "encrypting both address and data information for transmission by at least adding a plurality of encrypting bits to both the address and the data information" | Plain and ordinary meaning. | '572 Patent at Abstract; 2:7-16, 2:26-35; 2:51-55; 4:20-30; 5:31-52; 6:13-17; 6:34-39; 7:12-16; 7:50-64 (claim 1); 8:44-56; 9:32-46; 10:22-36; 11:1-12; 12:9-13; Figs. 1, 2, 7, 8.<br><br>'572 File History at Nov. 15, 2007 Remarks at pp. 15-18;<br><br>Feb. 25, 2008, Office Action at pp. 2-7;<br><br>May 23, 2008, Remarks at pp. 6-17.<br><br>Expert declaration of Mr. Patrick Kinney (providing testimony regarding the definite meaning to a person of ordinary skill in the art of "encrypting both address and data information for transmission by at least adding a plurality of | Indefinite<br><br>If not indefinite, it should be construed as:<br><br>"encrypting both MAC address and MAC data information by at least adding a plurality of encrypting bits to both the address and the data information" |

3

| | | | |
|---|---|---|---|
| | | encrypting bits to both the address and the data information" and responding to Defendants' construction and indefiniteness position).<br><br>Any additional evidence relied on by Defendants. | |
| Claim 1: "decrypting both the address and the data information upon reception" | Plain and ordinary meaning. | '572 Patent at Abstract; 2:7-16, 2:51-55; 4:20-30; 5:31- 41; 6:13-17; 6:34-39; 7:12-16; 7:50-64 (claim 1); 8:44-56; 9:32-46; 10:22- 36; 11:1-12; 12:9-13; Figs. 1, 2, 7, 8.<br><br>'572 File History at    Nov. 15, 2007 Remarks at pp. 15- 18;<br><br>   Feb. 25, 2008, Office Action at pp. 2-7;<br><br>   May 23, 2008, Remarks at pp. 6-17.<br><br>Any additional evidence relied on by Defendants. | "recovering, upon reception, both the MAC address and the MAC data information that was encrypted" |
| Claim 1: "medium access controller (MAC)/MAC" | Plain and ordinary meaning. | '572 patent at Abstract; 2:1-7, 20-55; 4:14-19, 31-42; 5:20-25; 6:29-55; Figs. 7-10.<br>'126 patent at Abstract; 2:38-43; 4:28-55; 6:52-67; Figs. 7-10. | Indefinite |

4

|  |  | Expert declaration of Mr. Patrick Kinney (providing testimony regarding the definite meaning to a person of ordinary skill in the art of "medium access controller (MAC)/MAC" and responding to Defendants' construction and indefiniteness position). |  |
|---|---|---|---|

## U.S. Patent No. 7,441,126

| Claim Term | Plaintiff's Proposed Construction | Plaintiff's Supporting Evidence | Defendants' Construction |
|---|---|---|---|
| Claim 1: Preamble "A secure wireless local area network (LAN) device comprising:" | Preamble is not limiting; no construction necessary. | '126 patent at Abstract; 1:7-2:3; 2:7-3:2; Figs. 1-13.<br><br>'572 patent at Abstract; 1:6-2:55; Figs. 1-13.<br><br>Any additional evidence relied on by Defendants. | The preamble is limiting. |
| Claims 1: "a cryptography circuit carried by said housing and connected to said MAC and said wireless transceiver" | Plain and ordinary meaning.<br><br>Alternatively, "cryptography circuit" should be construed to mean "a circuit capable of performing cryptography." | '126 patent at Abstract; 2:11-3:2; 3:51-63; 4:12-55; 5:32-6:67; 7:9-44; Figs. 1-13.<br><br>'572 patent at Abstract; 2:1-19; 2:27-39; 2:52-56; 3:37-57; 4:14-31; 5:20-6:55; 6:65-7:35; 7:1-49; 7:50-64 (claim 1); Figs. 1-13.<br><br>Any additional evidence relied on by Defendants. | "Hardware employing an algorithm and a cryptographic key and capable of encrypting and decrypting both address and data information for transmission" |
| Claim 1: "media access controller (MAC) carried by said housing" | Plain and ordinary meaning. | '126 patent at Abstract; 2:38-43; 4:27-55; 6:46-67; Figs. 1-3, 7-10, 12, 13; claims 1, 5-6, 11-12.<br><br>'572 patent at Abstract; 2:1-7, 20-55; 4:14-19, 31-42; 5:20-25; 6:29-55; Figs. 1-3, 7-10, 12, 13, claims 1, 2, 8, 14, 26, 38, 47 | Indefinite |

6

|  |  |  |  |
|---|---|---|---|
|  |  | Expert declaration of Mr. Patrick Kinney (providing testimony regarding the definite meaning to a person of ordinary skill in the art of "medium access controller (MAC)/MAC carried by said housing" and responding to Defendants' construction and indefiniteness position). |  |
| Claim 4: "said security information" | "said cryptography information" | '126 patent at Abstract; 1:50-59; 2:34-37; 4:34-44; 6:11-29; 7:24-29; 7:59-8:9 (claim 1); 8:16-21 (claim 3-4); Figure 10.<br><br>Expert declaration of Mr. Patrick Kinney (providing testimony regarding the definite meaning to a person of ordinary skill in the art of "said security information" and responding to Defendants' indefiniteness position).<br><br>Any additional evidence relied on by Defendants. | Indefinite |

## U.S. Patent No. 7,616,961

| Claim Term | Plaintiff's Construction | Plaintiff's Supporting Evidence | Defendants' Construction |
|---|---|---|---|
| Claim 1, Preamble: "A method for dynamic channel allocation in a mobile ad hoc network comprising a plurality of wireless mobile nodes and a plurality of wireless communication links connecting the plurality of wireless mobile nodes together over a plurality of separate channels at different frequencies, the method comprising:" | Preamble is not limiting; no construction necessary. | '961 patent at 4:18-28; 6:14-19; 13:37-50; 15:25-47 (claim 1).<br><br>Any additional evidence relied on by Defendants. | The preamble is limiting. |
| Claim 1: "mobile ad hoc network" | Preamble is not limiting;<br><br>Preamble is not limiting; Alternatively, if construed: "a network, including a number of geographically-distributed potentially mobile nodes wirelessly connected by one or more radio frequency channels, which lacks fixed infrastructure such that the nodes must self-organize and reconfigure as they move, join, or leave the network" | '961 patent at Abstract; 1:11-2:9; 2:22-31; 4:18-28; 5:4-12; 5:19-23; 6:14-19; 8:15-18; 8:56-65; 10:5-9, 42-48; 11:46-48; 13:33-50; 14:41-45; 15:7-21; 15:25-47 (claim 1); Figs. 1-4.<br><br>U.S. Patent No. 7,082,117 at 1:13-26; 5:37-41.<br><br>U.S. Patent No. 6,961,310 at 1:11-55; 5:1-20.<br><br>U.S. Patent No. 7,027,426 at 1:22-45; 4:4-5:2.<br><br>U.S. Patent No. 6,958,986 at 1:65-67; 2:1-4;2:15-19; 3:1-7. | "a network, including a number of geographically-distributed mobile nodes wirelessly connected by one or more radio frequency channels, which lacks fixed infrastructure such that the nodes must self-organize and reconfigure as they move, join, or leave the network" |

8

| | | Expert declaration of Mr. Patrick Kinney (providing testimony regarding the definite meaning to a person of ordinary skill in the art of "mobile ad hoc network" and responding to Defendants' construction and indefiniteness position).<br><br>Any additional evidence relied on by Defendants. | |
|---|---|---|---|
| Claim 1: "each node" | Plain and ordinary meaning. | Abstract; 2:22-42; 2:56-67; 3:1-44; 5:4-21; 8:66-9:14; 10:64-11:8; 13:33-14:40; 14:41-15:14; 15:25-47 (claim 1); Figs. 6-7; 15-18 | "At each of the wireless mobile nodes in the mobile ad hoc network" |